UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

OLEN D. WOMBLE, III,

        Plaintiff,                          Case No. 1:12-cv-814

v.                                              Honorable Robert J. Jonker

MARY BERGHUIS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Berghuis, Henry, Daniels, Stellino, Southerby, Minnerick, Austi and Verboncouer. The Court will serve the complaint against Defendants Gargus and Bradford.

**Discussion**

I.   Factual allegations

Plaintiff Olen D. Womble, III presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility (LRF). He sues MDOC Grievance Specialist K. Austi and the following LCF employees: Warden Mary Berghuis; Food Service Director (unknown) Henry; Assistant Food Service Director L. Daniels; Correctional Officers (unknown) Stellino and (unknown) Gargus; Assistant Resident Unit Supervisor (ARUS) D. Bradford; Assistant Deputy Warden (unknown) Southerby; Grievance Coordinator J. Minnerick; and Deputy Warden J. Verboncouer.

Plaintiff alleges that, at all times relevant to the complaint, he has been a practicing Buddhist who adheres to a strict vegan diet, avoiding all animal products or byproducts such as cheese, milk, butter and eggs. Defendant Daniels wrote a "Notice of Intent to Conduct an Administrative Hearing" (NOI), attaching a report from Defendant Gargus stating that he had observed Plaintiff eating eggs and requesting Plaintiff's removal from the vegan diet line. On July 24, 2010, Defendant Stellino reviewed the NOI with Plaintiff. Plaintiff requested a copy of the NOI, but Stellino advised him that he would have to request a copy from Defendant ARUS Bradford. Plaintiff made the request and Bradford assured him that he would receive a copy of the NOI before the hearing.

On August 4, 2010, Bradford conducted an administrative hearing on the alleged violation, before Plaintiff had been given a copy of the NOI. Plaintiff told Bradford that Gargus was either lying or mistaken, because Plaintiff did not eat eggs or have eggs on his tray. Plaintiff also told Bradford that Gargus had never mentioned the alleged incident to Plaintiff. Bradford then

adjourned the hearing to further question Gargus. When the hearing was reconvened a day or two later, Bradford informed Plaintiff that, contrary to his earlier report, Gargus admitted that he never actually saw Plaintiff eat any eggs, but he saw Plaintiff mashing eggs on his plate and that, when he returned, only bits of the eggs remained on Plaintiff's plate. Plaintiff argued that Gargus' changing story was further evidence that he was lying. Bradford advised Plaintiff that he was not going to dismiss the NOI unless authorized by his supervisor, Defendant Southerby. Bradford told Plaintiff that he was expected to uphold an NOI, and that he was not prepared to have a variety of people angry with him unless he had the backing of a supervisor. He then adjourned the hearing.

On August 7, 2010, Plaintiff received a copy of Bradford's decision upholding the NOI and recommending that Plaintiff be removed from the strict vegetarian diet. In his decision, Bradford misquoted Plaintiff as saying, "[N]ever at all did Gargus . . . approach me when there was eggs on my plate. I know for a fact that he didn't see me eat them (eggs)[."] (Compl. ¶ 20, docket #1, Page ID#4.) Plaintiff complains that the alleged misquote implied that he had, in fact, had eggs on his plate, contrary to Plaintiff's continuing declaration that he never had eggs.

On August 8, 2010, Plaintiff asked Bradford for a copy of Gargus' original statement in the NOI. Bradford refused, stating that he was not required to provide it. Plaintiff showed Bradford a copy of the relevant MDOC. Bradford then asked Plaintiff why he wanted it. Plaintiff informed Bradford that he might use it in a civil suit. Bradford stated, "[Y]eah, that's what I figured. I'm not getting in the middle of you and Gargus's shit." (*Id.* ¶ 21.) Bradford then issued the final denial. Plaintiff contacted health services on August 10, 2010, indicating that he needed help because he had not eaten for two days out of fear that something he received might contain a food

prohibited by the tenets of his religion. Health services recommended that he speak with the chaplain and look for food he could eat in the chow hall.

An December 8, 2010, Plaintiff was placed back on the strict vegan diet, after he again tested sufficiently knowledgeable about his religion. During the intervening four months, however, Plaintiff lost 13 pounds because he was able to eat only beans, rice, fruits and vegetables, when they were served.

Plaintiff alleges that Defendant Berghuis is liable for the deprivation of his First and Fourteenth Amendment rights as warden of the facility and because she denied his Step II grievance. He contends that Defendant Gargus intentionally lied in order to deprive Plaintiff of his right to eat a vegan diet, in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a). Plaintiff argues that Defendant Daniels deprived him of his rights under First Amendment and the RLUIPA and deprived him of due process and equal protection because he issued an NOI based on Gargus' falsified memorandum. Plaintiff contends that Defendant Stellino violated his rights under the First Amendment, the Due Process Clause, the Equal Protection Clause, and the RLUIPA by failing to provide Plaintiff with a copy of the NOI. Plaintiff claims that Defendant Bradford violated his rights under the First Amendment, the RLUIPA the Due Process Clause, the Equal Protection Clause and the RLUIPA by finding Plaintiff guilty of the offense and terminating his vegan diet, by refusing to provide a copy of the NOI and supporting memorandum, and by violating MDOC policy. He asserts that Defendant Southerby violated the same rights by allowing Bradford to grant the NOI. Finally, Plaintiff claims that Defendants Minnerick and Austi violated the same rights by failing to grant his grievances.

Plaintiff seeks declaratory and injunctive relief, together with compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants Henry, Verboncouer, Berghuis, Minnerick & Austi

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Plaintiff fails to even to mention Defendants Henry and Verboncouer in the body of his complaint. His allegations against them

therefore fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Plaintiff also fails to make specific factual allegations against Defendants Berghuis, Minnerick and Austi, other than his claim that they failed to adequately resolve his grievances or were otherwise responsible for the acts of their subordinates. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Berghuis, Minnerick or Austi engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B.     Defendant Stellino

Plaintiff's allegations against Defendant Stellino also fail to state a claim. Plaintiff's only allegation against Defendant Stellino is that, when Plaintiff asked for a copy of the NOI,

Stellino told him that he must ask Defendant Bradford for a copy. Despite Plaintiff's conclusory allegations, the Court is unable to identify how Stellino's referral of the request for a copy of the NOI to Bradford could have violated Plaintiff's rights under the First Amendment or the RLUIPA, as his alleged conduct bore no direct or indirect relation to whether Plaintiff would be deprived of his religious diet. It merely delayed a copy of the charging document for a hearing on the proposed denial – an argument that sounds in due process.

Further, Plaintiff fails to demonstrate either a due process or equal protection violation by Stellino. "[P]rocedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Howard v. Grinage*, 82 F.3d 1343, 1349-50 (6th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). A claim of negligence is insufficient to support a § 1983 claim. *Daniels*, 474 U.S. at 333-36. Instead, to state a procedural due process claim, a plaintiff must allege a constitutionally arbitrary deprivation. *Id.*; *Howard*, 82 F.3d at 1350 ("'[A]rbitrary in the constitutional sense' for procedural due process purposes means conduct undertaken with something more than negligence."). To state a claim based on the deprivation of procedural due process, the "conduct must be grossly negligent, deliberately indifferent, or intentional." *Howard*, 82 F.3d at 1350.

Here, Plaintiff does not allege that Stellino was either grossly negligent or intentionally acting to deprive Plaintiff of access to the NOI. According to the complaint, Stellino merely instructed Plaintiff to ask Defendant Bradford for the copy. Plaintiff makes no allegation that Stellino was the appropriate person to provide the copy, that Stellino was aware that Bradford would neglect to provide a copy as promised or that Stellino had any intention of depriving Plaintiff of any

right, arbitrarily or otherwise. At best, Plaintiff's allegations raise a claim of negligence by Stellino. As a result, they do not rise to a due process violation.

Plaintiff next sweepingly asserts that he was deprived of his right to equal protection by Stellino's failure to provide a copy of the NOI. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). Plaintiff appears to suggest that his claim should be subjected to strict scrutiny because Stellino's conduct ultimately affected his right to religious liberty.

A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). When a law adversely impacts a "suspect class" such as one defined by race, alienage, or national origin, or invades a "fundamental right" such as speech or religious freedom, the rigorous "strict scrutiny" standard ordinarily governs, whereby such laws "will be sustained only if they are suitably tailored to serve a compelling state interest." *City of Cleburne*, 473 U.S. at 440. To demonstrate discrimination, an inmate must show that the defendant purposefully discriminated against him on the basis of his suspect class or fundamental right. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Such discriminatory purpose must be a motivating factor in the actions of the defendants. *Id.* at 265-66.

Plaintiff alleges that Stellino's conduct somehow impinged upon his religious rights, simply because the NOI ultimately was upheld and Plaintiff's vegan diet was discontinued before Plaintiff received a copy of the NOI. Stellino's alleged conduct of failing to provide a copy of the

NOI is far too attenuated from the ultimate decision to deny Plaintiff a religious diet to support a conclusion that the action impaired his religious rights.

Because neither a fundamental right nor a suspect class is at issue under the facts alleged, the rational basis review standard applies. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006). "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.* (quoting *Warren v. City of Athens,* 411 F.3d 697, 710 (6th Cir. 2005)). To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Since both standards require that Plaintiff allege that Stellino acted purposefully to discriminate by treating Plaintiff differently than similarly situated persons, Plaintiff fails to state a claim, regardless of which standard is applied. Plaintiff fails to allege any fact suggesting that Stellino acted with the necessary purpose to discriminate. In addition, Plaintiff fails to allege any fact suggesting that he was treated differently that any other similarly situated person. For both reasons, Plaintiff's allegations fall short of stating an equal protection claim.

In sum, Plaintiff fails to state any claim against Defendant Stellino.

### C. Defendant Daniels

Plaintiff alleges that Defendant Daniels "wrote the NOI on the basis of Defendant Gargus'[s] falsified memo for the purpose of having plaintiff removed from his religious diet."

(Compl. ¶ 28, Page ID#6.) Plaintiff fails to allege that Daniels, by relying on Gargus' report to write the NOI, engaged in any purposeful discrimination under the First Amendment. "Where the claim is invidious discrimination in contravention of the First and Fifth Amendments, our decisions make clear that the plaintiff must plead and prove that the defendant acted with discriminatory purpose." *Iqbal*, 556 U.S. at 676. Similarly, "[t]he Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats on differently than others similarly situated without any rational basis for the difference." *Loesel v. City of Frankenmuth*, ___ F.3d ___, 2012 WL 353272, at *8 (6th Cir. Aug. 20, 2012) (citing *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011)). Plaintiff makes no factual allegation that would support a conclusion that Daniels acted intentionally or that he treated any similarly situated person differently. In sum, because Plaintiff fails to allege intentional conduct by Daniels, he fails to state a claim under the First Amendment, the Due Process Clause, or the Equal Protection Clause. *Id.* at 677.

Plaintiff's due process claim fails for an additional reason. Daniels' sole alleged action was to issue the NOI – in other words, to give Plaintiff notice that he was alleged to have committed conduct that could affect his religious rights and that he would receive a hearing on that alleged conduct. Daniels' action, therefore, was merely the first step in providing Plaintiff the notice and opportunity to be heard that is required by the Due Process Clause. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284 n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself

- 11 -

unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.*" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original).  Since Daniel's alleged conduct consisted solely of invoking the procedural rights to which Plaintiff was entitled, nothing about that action could be deemed violative of the Due Process Clause.

Finally, Plaintiff's allegations fail to state a claim under the RLUIPA.  The RLUIPA statute provides, in pertinent part, that

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).  While the phrase "substantial burden" is not defined in RLUIPA, courts have concluded that a burden is substantial where it forces an individual to choose between the tenets of his religion and foregoing governmental benefits or places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 733-34 (6th Cir., Dec. 10, 2007) (citations omitted); *see also Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005) (recognizing that RLUIPA's institutionalized persons provision was intended to alleviate only "exceptional" burdens on religious exercise); *Marshall v. Frank*, 2007 WL 1556872 at *5 (W.D. Wis. May 24, 2007) (quoting *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003)) (a substantial burden is one which renders religious exercise "effectively impracticable").

Here, the only conduct Daniels was alleged to have committed was to issue a charging document (the NOI) that called for a hearing on whether Plaintiff had violated the tenets of his own religion, thereby calling into question the sincerity of Plaintiff's asserted belief. *See Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010) (holding that the "touchstone for determining whether a religious belief is entitled to free-exercise protection is an assessment of 'whether the beliefs professed . . . are *sincerely held*,' not whether 'the belief is accurate or logical.'") (quoting *Jckson v. Mann*, 196 F.3d 316, 320 (2d Cir. 1999) (emphasis in original). Plaintiff makes no allegation that Daniels participated in either the hearing or the decision to remove Plaintiff from the vegan diet, the only actions that arguably could rise to a substantial burden on his religious exercise. Plaintiff therefore fails to demonstrate that Daniels violated the RLUIPA

For all these reasons, Plaintiff's complaint against Defendant Daniels will be dismissed for failure to state a claim.

### D.     Defendants Gargus & Bradford

At this juncture, the Court concludes that Plaintiff's allegations against Defendants Gargus and Bradford are sufficient to warrant service of the complaint against them.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Berghuis, Henry, Daniels, Stellino, Southerby, Minnerick, Austi and Verboncouer will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Gargus and Bradford.

An Order consistent with this Opinion will be entered.


Dated:     October 3, 2012              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE