UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLEN WOMBLE, III #228066,

    Plaintiff,

CASE NO. 1:12-CV-814

v.

HON. ROBERT J. JONKER

MARY BERGHUIS, *et al.*,

    Defendants.

_____/

**ORDER APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 35), which simply recommends a denial, without prejudice, of Defendants' Motion for Summary Judgment. Surprisingly, both parties have filed objections (docket ## 40, 41) to an outcome that really has no substantive impact on either of them.

Even so, under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d

1208, 1215 (6th Cir. 1981). After de novo review in this case, the Court concludes that the Report and Recommendation is legally sound and factually correct, and the Court therefore adopts it as its decision.

The claims in this case arise out of an application of MDOC's application of a "zero tolerance" policy for prisoners on a special religious diet. Under the policy, if a prisoner violates the strictures of the special diet at any time and in any way, MDOC terminates the privilege of the religious diet all together. The policy is no longer in effect, as the Magistrate points out, because the policy has been adjudicated unconstitutional, and the MDOC no longer applies it. The adjudication and resulting policy change predated the summary judgment briefing by as much as a year, and yet the issue was not briefed by the defendants. The Magistrate Judge's Report and Recommendation simply proposes to deny the existing defense motion for summary judgment on a without prejudice basis, and to give the defense the opportunity to brief the issues in light of the currently applicable law. It's hard to see what could possibly be wrong with that. Indeed, the only objection the defense lodges is that the Report and Recommendation did not consider qualified immunity, which is one of the things the Magistrate invited the defense to address in a subsequent motion! The plaintiffs' objections are to some particular points of the Magistrate's summary of the facts and issues, but none of those objections fundamentally undercuts the recommended *denial* of the defense motion. If the defense files a new motion, plaintiff will have a chance to respond to it. And all parties will have the opportunity to object to whatever the Magistrate recommends on the next round. If the defense does not file a new motion, the case will simply proceed. Either way, the plaintiff's position is preserved.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of this Court. Defendants' Motion for Summary Judgment (docket # 17) is DENIED without prejudice. Defendants may re-file a motion consistent with the issues outlined in the Report and Recommendation within 28 days.


Dated:     September 23, 2013             /s/ Robert J. Jonker
                                                           ROBERT J. JONKER
                                                           UNITED STATES DISTRICT JUDGE